UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as CHIEF EXECUTIVE )
OFFICER OF THE CENTRAL PENSION FUND )
OF THE INTERNATIONAL UNION OF OPERATING )
ENGINEERS AND PARTICIPATING EMPLOYERS )
4115 Chesapeake Street, N.W. )
Washington, D.C. 20016, )
)
        Plaintiff, )
)
    v. )
)
THE HILLIS GROUP, LLC )
2100 Wood Avenue )
Easton, Pennsylvania 18042, )
)
  Serve: Michael Hillis, President )
  132 Palomino Circle )
  Bangor, Pennsylvania 18013, )
)
        Defendant. )

## COMPLAINT

(TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"). The Central Pension Fund is an employee pension benefit plan as that term is defined in Section 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(2). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. §

1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2. Defendant The Hillis Group, LLC is a Pennsylvania corporation that maintains an office at 2100 Wood Avenue, in Easton, Pennsylvania, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement. This Court has subject matter jurisdiction of this action under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. § § 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. Defendant has been bound to and signatory at all relevant times to the National Pipe Line Agreement that governs the wages, benefits and terms and conditions of employment of covered employees such as apprentices and journeymen performing work covered by the Agreement.

7. Pursuant to the Agreement, Defendant agreed to pay to the Plaintiff certain sums of money, called contributions, for employees performing work covered by the Agreement within the jurisdiction of I.U.O.E. Local Union Nos. 542 and 66.

8. During the period of June through November 2015 Defendant employed John Litts to perform work under the Agreement within the jurisdiction of I.U.O.E. Local Union Nos. 542 and 66 for whom contributions were due to the Plaintiff.

9. During this period of time Defendant failed to report and pay all amounts due under the Agreement for the work performed by John Litts.

10. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for liquidated damages in the amount of twenty percent.

11. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for interest in the amount of nine percent, per annum.

12. Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all costs and attorneys' fees.

## COUNT I

### (UNPAID CONTRIBUTIONS AND DAMAGES OWED TO EMPLOYEE BENEFIT FUND)

13. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14. During the period of June through November 2015 the Defendant failed to report 379.5 hours of work and pay, and as a result, it failed to pay the correct amount of contributions owed to the Plaintiff on behalf of John Litts as required by the Agreement in the amount of $6,364.91 within the jurisdiction of I.U.O.E. Local Union Nos. 542 and 66.

15. By virtue of the failure to pay contributions for work performed within the jurisdiction of I.U.O.E. Local Union Nos. 542 and 66 as contractually required for John Litts, the Defendant is in contravention of the Agreement and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, and Sections 502 and 515 of ERISA.

16. Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Plaintiff for John Litts.

17. The Plaintiff is entitled to judgment for all contributions owed on behalf of John Litts from June through November 2015 worked within the jurisdiction of I.U.O.E. Local Union Nos. 542 and 66 plus all liquidated damages and interest owed on the unpaid contributions, plus costs and reasonable attorneys' fees to the date of judgment.

**WHEREFORE,** Plaintiff prays judgment for Count I against the Defendant as follows:

A. For unpaid contributions due and owing to the Plaintiff on behalf of John Litts for work performed within the jurisdiction of I.U.O.E. Local Union Nos. 542 and 66 from June through November 2015 in the amount of $6,364.91.

B. For liquidated damages and interest for unpaid contributions owed on behalf of John Litts for work performed within the jurisdiction of I.U.O.E. Local Union Nos. 542 and 66 during the period of June through November 2015 as provided for in the Agreement, Restated Agreement and Declaration of Trust, and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

C. Costs and reasonable attorneys' fees as required by the Agreement, 29 U.S.C. § 1132(g)(2), and the Restated Agreement and Declaration of Trust through the date of judgment.

D. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: May 4, 2016          By: _____
R. Richard Hopp (Bar No. 432221)
**O'DONOGHUE & O'DONOGHUE LLP**
4748 Wisconsin Avenue, N.W.
Washington, D.C. 20016
Telephone: (202) 362-0041
Facsimile: (202) 237-1200

*Attorney for the Plaintiff*